UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| MICHAELA NASH | CIV. ACTION NO. 5:24-01178 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| A B C INSURANCE, INC., ET AL | MAG. JUDGE KAYLA D. MCCLUSKY |

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, are two motions: a motion to remand [doc. # 15] filed by Plaintiff Michaela Nash, and a "joint" motion to strike [doc. # 19] certain allegations in the Second Supplemental and Amended Petition filed by Defendants. The motions are opposed. For reasons assigned below, IT IS ORDERED that the motion to strike is DENIED, without prejudice. Furthermore, IT IS RECOMMENDED that the motion to remand be GRANTED.

### Background

Michaela Nash ("Nash") is a disabled, wheelchair-bound woman whose right leg was amputated years ago. (Petition for Damages, ¶ 6 [doc. # 21-1]). Because Nash was unable to afford a handicap-accessible apartment on the open market, she leased a unit at Cooper Road Plaza, a low-income housing complex. *Id.*, ¶¶ 1, 6-7. Nash executed the lease on January 27, 2023, and, by early April 2023, began hearing rat sounds coming from behind her bedroom ceiling, her bathroom walls, and the kitchen. *Id.*, ¶¶ 16-19. Nash reported her concerns to Erica Kennedy ("Kennedy"), who was the front office manager for the Cooper Road Plaza apartments. *Id.*, ¶¶ 5, 20. However, Kennedy dismissed Nash's complaint and suggested that she might have some rats in the wall. *Id.*

On April 8-9, 2023, Nash observed multiple rats scurrying around her apartment. *Id.*, ¶¶ 21-23. Nash again complained about the rats to Kennedy, who replied that Cooper Road Plaza did not provide pest control services. *Id.*, ¶ 25.

On or about April 12, 2023, Nash called the corporate office for Cooper Road Plaza and was told that the complex *did* provide pest control services and that an inspector would come out more frequently. *Id.* ¶ 27. Although an exterminator went to Nash's apartment on April 17, 2023, he did not place screens in the crawl space or fill holes in the walls to limit the rats' access. *Id.*, ¶¶ 29-31.

On May 26, 2023, Nash awoke in her bed and saw a rat chewing on one of her toes. *Id.*, ¶ 33. Because she suffered from diabetic neuropathy, Nash sometimes experienced difficulty with sensation in the lower part of her remaining leg. *Id.*, ¶ 32.

Over the next few weeks, the swelling, drainage, and pain from the rat bite worsened. *Id.*, ¶ 35. On July 11, 2023, doctors had to amputate the fourth and fifth toes on Nash's left foot. *Id.*, ¶ 64. On August 3, 2023, Nash underwent debridement of her left foot, including an excision of her fourth and fifth metatarsals. *Id.*, ¶ 69. Moreover, the antibiotics prescribed to fight the infection in Nash's leg stressed her kidneys, which required Nash to be hospitalized for kidney failure. *Id.*, ¶¶ 74-75.

After the rat attack, Nash tried to move to another handicap-accessible apartment at Cooper Road Plaza, but Kennedy denied her request for the stated reason that Nash would bring the rats with her to the new apartment. *Id.*, ¶¶ 41-42. After that, Nash tried to move to a different apartment complex, but Kennedy sabotaged her efforts by giving Nash a negative review. *Id.*, ¶¶ 45-61.

On March 27, 2024, Nash filed the instant Petition for Damages in the First Judicial District Court for the Parish Caddo, State of Louisiana against Defendants: CRP Redevelopment, L.P., the owner of the buildings and land where Cooper Road Plaza is located ("CRPR"); MMM CRP Redevelopment, L.L.C., the general partner of CRPR ("MMM"); Multi-Family Management Ministries, Inc., the property manager for Cooper Road Plaza ("MFMM"); Kennedy, the front officer manager at Cooper Road Plaza; and ABC Insurance, Inc., the unknown liability carrier for the foregoing Defendants. (Petition, [doc. # 21-1]). Nash asserted state law tort claims and a discrimination claim under the Fair Housing Act ("FHA"). (Petition, ¶¶ 132-165). In an effort to show Defendants' knowledge and culpability, Nash included various provisions from the Housing and Urban Development ("HUD") Maintenance Guidebooks pertaining to rats, as well as provisions regarding the HUD inspection process. *Id*. ¶¶ 78-93, 97-102, 109-124. Nash seeks to recover compensatory damages for a litany of injuries she sustained as a result of Defendants' actions and/or inaction, plus punitive damages and attorney's fees. *Id*., ¶¶ 166-168.

On July 29, 2024, Nash amended her petition to join additional Defendants, Maxum Indemnity Company, a liability carrier for the original Defendants ("Maxum"); and James River Insurance Company, the liability excess carrier for the original Defendants ("James River"). (1st Suppl. & Amend. Petition [doc. # 1-1]) ("First Supplemental Petition").

On August 28, 2024, James River removed the suit to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, because Nash sought recovery under federal law for violations of the FHA. (Notice of Removal [doc. # 1]). James River also noted that Nash cited extensive information and standards developed by HUD. *Id*., ¶ 11. James River added that the

3

Court could exercise subject matter jurisdiction over Nash's state law claims in accordance with the supplemental jurisdiction statute, 28 U.S.C. § 1367. *Id.*, ¶¶ 13-15.

On September 27, 2024, Nash filed a compound, unopposed motion for leave to dismiss her claims under the FHA and to file a second supplemental and amended petition for damages that deleted her claims under the FHA. (Pl. Motion [doc. # 14]). She contemporaneously filed the instant the instant motion to remand her state law claims to state court, urging the Court not to exercise supplemental jurisdiction over them. (M/Remand [doc. # 15]).

On September 30, 2024, the Court granted Nash's unopposed motion(s), dismissing, without prejudice, Nash's claims under the FHA, 42 U.S.C. § 3604, and ordering that her Second Supplemental and Amended Petition ("Second Supplemental Petition") be filed in the record. (Judgment [doc. # 17]).

On September 30, 2024, Defendants filed the instant motion to strike the following paragraphs from the Second Supplemental Petition:

- (a) Paragraphs 79 through 84, 88, 89, 91, 93, 94, 98, and 100 through 103, which provide quotations from a HUD Maintenance Guidebook about the lifestyle of rats, Norway rats, the breeding and feeding habits of rats, and the life cycle of rats; and

- (b) Paragraphs 110 through 132, which discuss HUD's inspection and rating system, generally and with respect to Defendants, and outline claims of other residents of Cooper Road Plaza (but not Nash's claims).

(M/Strike [doc. # 19]).

On October 17, 2024, Defendants filed an opposition to Nash's motion to remand. (Defs. "Joint" Opp. [doc. # 22]). In their response, Defendants maintained that the Court still has original subject matter jurisdiction under 28 U.S.C. § 1331 and that it may exercise supplemental jurisdiction over Nash's state law claims pursuant to 28 U.S.C. 1367(a). *Id.*

4

On October 18, 2024, Nash filed her opposition to Defendants' motion to strike. (Pl. Opp. Memo. [doc. # 23]).

Nash and Defendants filed reply briefs in support of their motions on October 24 and 25, 2024, respectively. (Reply Briefs [doc. # 24 & 25]). Accordingly, the matter is ripe.

## Law and Analysis

### I. Motion to Remand

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation omitted). Thus, a suit is presumed to lie outside a federal court's limited jurisdiction, and "the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019) (citation omitted).

Federal law authorizes defendants to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ." 28 U.S.C. § 1441(a). As stated previously, Defendants invoked the court's original jurisdiction under 28 U.S.C. § 1331, i.e., as a "civil action[ ] arising under the Constitution, laws, or treaties of the United States." Therefore, Defendants bear the burden of demonstrating the existence of a federal question. *In Re: Hot-Head, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (citation omitted).

"The presence or absence of federal- question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (citation omitted). "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R.*

*Co. v. Mottley*, 211 U.S. 149, 152 (1908). In other words, a district court's federal question jurisdiction extends over

> only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law . . . in that federal law is a necessary element of one of the well-pleaded . . . claims.

*Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 808 (1988) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983)).

Defendants assert that jurisdiction is determined at the time of removal, and, in her First Supplemental Petition, Nash clearly pled a claim under federal law. (Defs. Opp. Memo., pgs. 5-6). Consequently, Nash's amended complaint notwithstanding, Defendants conclude that, "the case was properly removed and subject matter jurisdiction is retained." *Id*.

Just two months ago, however, the Supreme Court held that,

> [w]hen a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says. If . . . the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims.

*Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U. S. 22, 30 (2025).

As noted above, post-removal, the Court granted Nash leave to file her Second Supplemental Petition. An "amended complaint[1] supersedes the original complaint and renders it of no legal effect, unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)

---

[1] While the operative pleading in federal court is an amended "complaint," not a petition, Nash filed titled her pleading a petition, so the undersigned has used that term for consistency. Nonetheless, regardless of title, the Supreme Court precedent is clear and plainly applies here.

(citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir.1985)). Here, there is no indication that the amended complaint adopted or referenced the earlier pleading. Therefore, the sole, operative complaint before the court is the Second Supplemental Petition. *See Royal Canin U.S.A., Inc.*, 604 U.S. at 30 (the amended complaint is the operative one; the old complaint is irrelevant).

Nash plainly deleted her FHA discrimination claim from her Second Supplemental Petition. Nonetheless, Defendants contend that the Second Supplemental Petition still alleges facts that *could* support a discrimination claim. However, the well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). At the risk of redundancy, the Court emphasizes that Nash expressly excised her FHA discrimination claim from her Second Supplemental Petition, thereby disclaiming it. To the extent there remains any lingering doubt as to her intentions, she also voluntarily dismissed her disability discrimination claim under 42 U.S.C. § 3604 of the FHA.[2] *See* Judgment [doc. # 17].

Defendants also argue that the Second Supplemental Petition references a host of alleged violations of federal housing standards. (Defs. Opp. Memo., pg. 6). Even so, as Nash explained, "[the] allegations provide a context, showing that rats could cause [her] injuries, that

---

[2] Defendants complain that Nash dismissed her federal law claim without prejudice and, thus, she is not foreclosed from "seeking relief under federal law later in this action." (Defs. Opp. Memo., pgs. 6-7). However, an amended pleading that deletes federal law claims also does not foreclose later amendment reasserting those claims. Nonetheless, the Supreme Court held that the amendment deprived the federal court of federal question jurisdiction, thereby requiring remand of the remaining state law claims. *Royal Canin U. S. A., Inc*, 604 U.S. at 44. Furthermore, if Nash later reasserts a claim under federal law, then Defendants may seek to re-remove the suit. *See Bowman v. Ouachita Parish Sheriff*, Civ. Action No. 22-2824 (W.D. La.).

Defendants mismanaged the rat population at Cooper Road Plaza, and that Defendants knew or should have known that mismanagement exposed their residents to a growing, ungovernable, and dangerous rat population." (Pl. Opp. Memo., pg. 10 [doc. # 23]). In other words, the public safety provisions help support the elements of Nash's state law tort claims against Defendants. *Id.*, pgs. 11-20. It is well-established, that a plaintiff's citation to a federal regulation "merely as further evidence of the right to recover under state law" is insufficient to establish federal-question jurisdiction. *Cole v. St. Joseph of Harahan, LLC*, Civ. Action No. 22-1540, 2022 WL 2687836, at *3 (E.D. La. July 12, 2022) (citations omitted). A defendant may not usurp the plaintiff's choice of forum "by injecting a federal question into an action that asserts what is plainly a state-law claim," in an attempt to transform the action into one arising under federal law. *Caterpillar Inc.*, 482 U.S. at 399.

Of course, a cause of action that is created by state law still may "arise under" the laws of the United States if the well-pleaded complaint establishes that plaintiff's right to relief under state law requires resolution of a substantial, disputed question of federal *law*. *Franchise Tax Bd. of State of Cal., supra*, 463 U.S. at 1. Stated differently, a federal issue embedded in a state law cause of action will confer federal question jurisdiction when "(1) resolving [the] federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314, 125 S.Ct. 2363 (2005)). "Where *all four* of these requirements are met . . . jurisdiction is proper because there is a serious federal interest in claiming the advantages thought to be inherent in a

federal forum, which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn,* 568 U.S. at 258 (emphasis added).

Here, however, it is not apparent that it is necessary to resolve any substantial, disputed question of federal law, and Defendants do not argue to the contrary. *See New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 338 (5th Cir. 2008) (in absence of specific argument that addresses the *Grable & Sons* standard, the court cannot find that the complaint raises a significant federal issue); *Gunn,* 568 U.S. at 258.

In sum, the Court finds that Nash's operative pleading, the Second Supplemental Petition, does not assert claims arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331. Without original subject matter jurisdiction, the Court cannot exercise supplemental jurisdiction over the remaining state law claims. In the words of the Supreme Court:

> [w]hen a plaintiff, after removal, cuts out all her federal-law claims, federal-question jurisdiction dissolves. And with any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well. The operative pleading no longer supports federal jurisdiction, and the federal court must remand the case to the state court where it started.

*Royal Canin U. S. A., Inc.*, 604 U.S. at 39. The same result necessarily follows here.

## II. Motion to Strike

In light of the undersigned's recommended disposition of the motion to remand, *see* discussion, *supra*, the Court lacks subject matter jurisdiction to entertain the motion to strike. Therefore, the motion to strike is denied, without prejudice to the right to re-urge it under the the appropriate standard under state law if warranted.

**Conclusion**

For the foregoing reasons,

IT IS ORDERED that Defendants' motion to strike [doc. # 19] is DENIED, without prejudice to the right to re-urge the motion in state court if warranted.³   Furthermore,

IT IS RECOMMENDED that Plaintiff Michaela Nash's motion to remand [doc. # 15] be GRANTED, and that this matter be REMANDED to the First Judicial District Court for the Parish of Caddo, State of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.   A party may respond to another party=s objections within **fourteen (14) days** after being served with a copy thereof.   A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.   Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

---

³  As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.   Any appeal must be made to the district judge in accordance with Rule 72(a).

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 25th day of March, 2025.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE